UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANN SIEMON,                                                     Case No. 1:16-cv-1093

           Plaintiff,                                     Barrett, J.
                                                                Bowman, M.J.
v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Ann Siemon filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled.  See 42 U.S.C. §405(g).  Proceeding through counsel, Plaintiff presents three claims of error for this Court's review.  As explained below, I conclude that the ALJ's finding of non-disability should be REVERSED because it is not supported by substantial evidence in the record as a whole.

**I.  Summary of Administrative Record**

On September 9, 2013, Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") alleging disability beginning November 20, 2012, based on mental and physical impairments.  After her claims were denied initially and upon reconsideration, she requested an evidentiary hearing before an administrative law judge ("ALJ").  On November 4, 2015, ALJ Jonathan Elliot held an evidentiary hearing at which Plaintiff appeared with counsel.  The ALJ heard testimony from Plaintiff and an impartial vocational expert.  On December 15, 2015, the ALJ issued a decision finding that Plaintiff had been under a disability from November 20,

2012 through July 29, 2014 but that her condition improved on July 30, 2014 and she was able to perform substantial gainful activity as of that date. (Tr. 20-36). Plaintiff now seeks judicial review of the denial of her application for benefits after July 30, 2014.

Plaintiff was 43 years old at the time of the administrative hearing. She testified that she had a high school education and had several attempt at completing a college level degree but never succeeded. She testified that she lives in a home owned by her and her husband with their twin children who are six years old. She testified that she was employed with People Link staffing as a flavor tester until January of 2015 when she had to quit as she could not meet the demand of the job. (Tr. 47-48). She alleges disability primarily related to complications related to bariatric surgery, bipolar disorder, depression and anxiety.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "status-post gastrectomy with complications (stomach noncompliance), depression, and anxiety." (Tr. 25). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. The ALJ determined that beginning on July 30, 2014, Plaintiff retains the following residual functional capacity ("RFC") to perform medium work with the following limitations:

> She is limited to occasional stooping, kneeling, crouching and crawling. She is limited to performing simple to complex tasks in an environment without pressures to perform rapidly or with strict production deadlines, and she is limited to an environment with infrequent changes in which duties are routine and predictable. She is limited to occasional, superficial interaction with coworkers and the public, and by 'superficial", I mean she can do such things as answer questions about the time of day or provide directions to the bathroom. She can have occasional interaction with supervisors, but limited communication of job critical information.

2

(Tr. 33). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that as of July 30, 2014 jobs existed in the national economy that Plaintiff could perform, including such jobs as laundry worker, kitchen helper and janitor. (Tr. 35). Accordingly, the ALJ determined that since July 30, 2014, Plaintiff was not under a disability, as defined in the Social Security Regulations and is therefore not entitled to DIB or SSI.

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by (1) finding that Plaintiff had medical improvement of her nausea and vomiting as of July 20, 2014; (2) improperly weighing the medical opinions concerning Plaintiff's mental limitations; (3) improperly evaluating Plaintiff's credibility. The undersigned finds Plaintiff's second assignment of error to be dispositive and herein recommends that this matter be remanded back to the Commissioner for further fact finding.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the

4

claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Evaluation of the Opinion Evidence is not Substantially Supported.**

Plaintiff asserts that the ALJ's RFC finding is not supported by substantial evidence because the ALJ failed to properly weigh the medical opinions relating to Plaintiff's mental limitations. Specifically, Plaintiff contends that the ALJ should have given controlling weight to the findings Saba Chughtai, M.D., plaintiff's treating psychiatrist and Carol Brady, LISW, plaintiff's treating social worker. Plaintiff further contends that the ALJ erred in affording controlling weight to the findings of the state agency psychologists. Plaintiff's contentions are well-taken.

Dr. Chughtai has been treating Ms. Siemon since at least June 17, 2014. (Tr. 723). Dr. Chughtai completed a report summarizing Ms. Siemon's conditions on June 8, 2015. (Tr. 802-804). Therein, the psychiatrist opined that Ms. Siemon was "extremely limited" (defined as "would be expected to function independently, appropriately, and effectively less than 50% of the time") in her ability to relate to co-workers, deal with the public, and deal with work stresses (Tr. 802). In addition, Dr. Chughtai opined Ms. Siemon was "markedly limited" (defined as "would be expected to function independently, appropriately, and effectively less than 75% of the time, but more than 50% of the time") in her ability to follow work rules, interact with supervisors, persist at

5

work-like tasks, understand, remember, and carry out complex job instructions, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate daily reliability on a full-time basis. (Tr. 802-803). Dr. Chughtai indicated that her opinions were based on evidence of severe depression, social anxiety, and poor stress tolerance. (Tr. 803).

In formulating Plaintiff's RFC, the ALJ found that Dr. Chughtai's opinion was entitled to limited weight because it was inconsistent with Plaintiff's daily activities, which included going out alone, shopping for groceries and driving. (Tr. 34). The ALJ also noted that the opinion was inconsistent with the treatment records, which described Plaintiff as calm and cooperative. (Tr. 34). Upon careful review, the undersigned finds that the ALJ's determination does not comply with Agency regulations and controlling law.

"The ALJ 'must' give a treating source opinion controlling weight if the treating source opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and is 'not inconsistent with the other substantial evidence in [the] case record.' " *Blakley v. Commissioner Of Social Sec.*, 581 F.3d 399, 406 (6th Cir.2009) (quoting *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir.2004). A finding by the ALJ that a treating physician's opinion is not consistent with the other substantial evidence in the case record "means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected." Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *4 (emphasis added). "Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." Blakley, 581 F.3d at 408. These factors include the length, nature and extent of the treatment relationship and the frequency of examination. 20

6

C.F.R. § 404.1527(d)(2)(i)(ii); 416.927(d)(2) (i)(ii); *Wilson*, 378 F.3d at 544. In addition, the ALJ must consider the medical specialty of the source, how well-supported by evidence the opinion is, how consistent the opinion is with the record as a whole, and other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d)(3)-(6), 416.927(d)(3)-(6); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir.2004).

The ALJ must satisfy the clear procedural requirement of giving "good reasons" for the weight accorded to a treating physician's opinion: "[A] decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.' Social Security Ruling 96–2p, 1996 WL 374188, at *5 (1996)." *Wilson,* 378 F.3d at 544. The specific reasons requirement exists not only to enable claimants to understand the disposition of their cases, but to ensure "that the ALJ applies the treating physician rule and permit[ ] meaningful review of the ALJ's application of the rule." *Id.* Only where a treating doctor's opinion "is so patently deficient that the Commissioner could not possibly credit it" will the ALJ's failure to observe the requirements for assessing weight to a treating physician not warrant a reversal. *Id*. at 547.

The ALJ's decision does not reflect an analysis of these factors. As noted above, the ALJ gave "limited weight" to Dr. Chughtai's findings because he found they were inconsistent with Plaintiff's daily activities and with the treatment records, which described Plaintiff as calm and cooperative. (Tr. 34).  Such findings, however, improperly cherry-pick the evidence of record and fail to consider Dr. Chughtai's

7

longitudinal treatment history of Plaintiff, as well as her objective findings[1]. *See McGhee v. Comm'r of Soc. Sec.*, No. 3:12-CV-320, 2013 WL 6095881, at *6 (S.D. Ohio Nov. 20, 2013) (ALJ may not cherry pick from the record by relying on some [evidence] and ignoring others, without offering some rationale for his decision. Such action suggests that he only considered part of the report in formulating his conclusion). (internal citations and quotations omitted).

Notably, Dr. Chughtai treated Plaintiff for approximately one year at the time she assessed Plaintiff's mental residual functional capacity. Dr. Chugthai's noted that her opinions were based on evidence of severe depression, social anxiety, and poor stress tolerance. (Tr. 803). These findings are consistent with mental status examinations in the treatment records and objective findings which included an angry affect and an irritable mood (Tr. 314); an angry mood and affect (Tr. 312); pressured, rapid, and loud speech; a labile, irritable, and dysphoric mood; severe anxiety and irritability; poor short term memory; and, poor insight and judgement (Tr. 663); an unstable mood and angry affect, and poor focus and concentration (Tr. 723-724); an angry, irritable, and dysphoric mood and affect, an angry and irritable thought process/content, impaired short term memory, limited insight/judgment, and fair focus, concentration, and fund of knowledge (Tr. 721-722); and, an irritable and angry mood and affect, fair insight/judgment, and fair focus and concentration (Tr. 719-720). There is no indication from the ALJ"s decision that he considered such findings.

---

[1] Objective medical evidence consists of medical signs and laboratory findings as defined in 20 C.F.R. § 404.1528(b) and (c). See 20 C.F.R. § 404.1512(b)(1). "Signs" are defined as "anatomical, physiological, or psychological abnormalities which can be observed, apart from your statements (symptoms). Signs must be shown by medically acceptable clinical diagnostic techniques. Psychiatric signs are medically demonstrable phenomena that indicate specific psychological abnormalities, e.g., abnormalities of behavior, mood, thought, memory, orientation, development, or perception. They must also be shown by observable facts that can be medically described and evaluated." 20 C.F.R. § 404.1528(b).

Furthermore, the ALJ's determination that Dr. Chughati's findings were only entitled to limited weight because the record indicated he found they were inconsistent with Plaintiff's daily activities which included going out alone, shopping for groceries and driving and with the treatment records, which described Plaintiff as calm and cooperative are not substantially supported. Notably, with respect to Plaintiff's "calm and cooperative" demeanor the ALJ cites to 2 pages of the record; one from an emergency room visit due to Plaintiff's self-inflicted cutting wound on her arms, and another from a follow up of a gastrointestinal examination. Such findings do not constitute "good reasons" for rejecting his assessment. It is well established that an ALJ may not selectively reference a portion of the record which casts Plaintiff in a capable light to the exclusion of those portions of the record which do not. *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240–41 (6th Cir. 2002). The ALJ's selective (and factually unsupported) citations to Plaintiff's behavior during an emergency room visit, as well as her reported daily activities do not fairly portray her mental abilities. As such, these findings do not constitute substantial evidence in support of the ALJ's rejection of Dr. Chughtai's findings.

Accordingly, the ALJ's decision cannot be affirmed as written and should be remanded for further fact finding and evaluation.

### III. Conclusion and Recommendation

This matter should be remanded pursuant to Sentence Four of § 405(g) for further proceedings consistent with this Report and Recommendation. A sentence four remand under 42 U.S.C. § 405(g) provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. *See Faucher v. Secretary of Health and Human Servs.*,

9

17 F.3d 171, 174 (6th Cir. 1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Faucher,* 17 F.3d at 175. Here, all essential factual issues have not been resolved in this matter, nor does the current record adequately establish Plaintiff's entitlement to benefits as of his alleged onset date. *Faucher,* 17 F.3d at 176.

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be **REVERSED AND REMANDED** under sentence four, for further development of the record consistent with this report and recommendation, that judgment be entered, and that this case be **CLOSED**.

 */s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANN SIEMON,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:16-cv-1093

Barrett, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).